# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH HINTON, | * | 2019 NOV 26 A 10: 33 |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-19-2203 |
| JOSEPH PRESTON ATKINS, III, BRIAN DAVID SHEFFERMAN, | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Self-represented Plaintiff Kenneth Hinton, an inmate currently confined at the Maryland Correctional Training Center in Hagerstown, Maryland filed the above-captioned civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Hinton alleges that Joseph Preston Atkins, III and Brian David Shefferman, attorneys then employed by the office of the public defender were assigned to represent him during his state criminal proceedings. Hinton alleges that Atkins lost a computer thumb drive that contained a digital copy of confidential data and information regarding Hinton when he mailed the thumb drive to Hinton at the wrong address. *Id*. Hinton alleges that Brian David Shefferman was Atkins's supervisor in the public defender's office and failed to properly supervise him. *Id*. Hinton alleges that the conduct of Atkins and Shefferman violated his civil rights and constituted a breach of duty, negligence, legal malpractice, an invasion of privacy/breach of privacy, bad faith, and intentional infliction of emotional distress, resulting in a loss of consortium. He seeks compensatory and punitive damages. *Id.*

Hinton filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2), which shall be granted. For the reasons stated herein the complaint must be dismissed.

This Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

Plaintiff's claims against his criminal defense attorneys may not proceed. A defense attorney is not a state actor and therefore cannot be sued for an alleged violation of constitutional rights. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In addition, public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cty v. Dodson*, 454 U.S. 312, 453-54 (1981). While an attorney who conspires with a state official to violate constitutional rights does act under color of state law, evidence of the conspiracy is required. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (plaintiff must make more than naked assertion of conspiracy). Hinton has not provided any facts from which a reasonable person might conclude that there was a common design and purpose between his public defender and any state official to deprive him of his constitutional rights. Thus, Hinton's complaint must be dismissed for failure to state a claim upon which relief may be granted.

To the extent that Hinton's Complaint raises state law claims, the Court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. §1367(c)(3); *United Mine Workers v. Gibbs,* 383 U. S. 715, 726 (1966).

A separate order dismissing the complaint follows.

11/26/2019
Date

/s/ George J. Hazel
GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE